UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TADEUSZ CITAK, MACIEJ CITAK, LESZAK STARZYNSKI, MILAN HUJAS, BERNARD DUBLANSKI, and TOMASZ KUPREL,<br><br>Plaintiffs,<br><br>-against -<br><br>FRANK CYRWUS, INC., WILLIAM SCRIVENS, and JOHN BREGMAN,<br><br>Defendants. | Civil Docket No.: 23-cv-10438<br><br>**COMPLAINT** |

### NATURE OF THE ACTION

1. Plaintiffs, TADEUSZ CITAK, MACIEJ CITAK, LESZEK STARZYNSKI, MILAN HUJAS, BERNARD DUBLANSKI, and TOMASZ KUPREL (collectively "Plaintiffs"), bring this action against Defendants, FRANK CYRWUS, INC., WILLIAM SCRIVENS, and JOHN BREGMAN (collectively "Defendants"), to seek redress for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law ("NYLL") §§ 193 and 195, *et. seq.*, 12 N.Y. Codes, Rules, and Regulations ("NYCRR") § 142 *et. seq.*, and applicable regulations, and breach of contract.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims set forth herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because these claims involve federal questions regarding the deprivation of their rights under federal law.

3. This Court has supplemental jurisdiction over the NYLL claims set forth herein pursuant to 28 U.S.C. § 1367 because these claims closely relate to the federal claims under FLSA, having

arisen from a common nucleus of operative facts, such that they form part of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York.

## PARTIES

5. Plaintiffs, TADEUSZ CITAK, MACIEJ CITAK, LESZEK STARZYNSKI, MILAN HUJAS, BERNARD DUBLANSKI, and TOMASZ KUPREL, are Polish immigrants and construction workers residing in the State of New York.

6. Plaintiffs consent in writing to be parties in this action pursuant to 29 U.S.C. § 216(b). Their written consents are attached hereto and incorporated by reference.

7. Defendant, FRANK CYRWUS, INC., is a corporation registered and authorized to do business in the State of New Jersey.

8. Upon information and belief, Defendant, WILLIAM SCRIVENS, is the Principal and Owner of Defendant, FRANK CYRWUS, INC. He is sued in his individual capacity as Plaintiffs' employer.

9. Upon information and belief, Defendant, JOHN BREGMAN, is the Principal and Owner of Defendant, FRANK CYRWUS, INC. He is sued in his individual capacity as Plaintiffs' employer.

10. At all times relevant and material to this action, Defendants employed each Plaintiff to work at various locations throughout the State of New York and State of New Jersey and have been Plaintiffs' employers within the meaning of the FLSA and the NYLL.

11. As set forth below, and at all times relevant and material to this action, Defendants constituted Plaintiffs "employers" under the FLSA and the NYLL in that they had the power to hire and fire the Plaintiffs, control the terms and conditions of their employment, maintain employment records, and determine the rate and method of compensation provided to them.

12. Upon information and belief, and as described below, Defendant, FRANK CYRWUS, INC., constitutes an "enterprise" under the FLSA engaged in commerce whose gross annual revenue is at least five hundred thousand dollars ($500,000.00).

13. As more fully set forth below, Plaintiffs have been regularly involved in interstate commerce as Defendants' employees by handling goods and materials that moved in commerce and originated out of state, including construction materials and equipment that originated out of state.

**FACTS**

14. At relevant times herein, Defendant, FRANK CYRWUS, INC., was a certified roofing and home improvement contractor registered and licensed in the State of New Jersey.

15. At relevant times herein, Defendant, FRANK CYRWUS, INC. performed construction and renovation work at various locations within the State of New York and State of New Jersey.

16. Further, upon information and belief, Defendant, FRANK CYRWUS, INC., entered into contract(s) with government agencies which called for said Defendant to pay Plaintiffs rates of wages and benefits as determined within said contract(s).

17. Upon information and belief, the schedule of rates of wages and benefits to be paid to all workers furnishing labor pursuant to the contracts was included in and formed a part of the aforementioned contract(s).

18. Plaintiffs furnished labor to Defendants in furtherance of Defendants' performance of the contract(s). Nevertheless, Defendants willfully paid Plaintiffs less than the prevailing rates of wages and benefits to which Plaintiffs were entitled.

19. The agreement(s) to pay Plaintiffs the prevailing rates of wages and benefits was made for the benefit of Plaintiffs.

20. Upon information and belief, Defendants made the required certifications concerning compliance with those wage provisions contained within said contract(s).

21. Defendants' actions as described herein were intentional and not made in good faith.

22. Defendants' failure to comply with the NYLL and the contract(s) with government agencies caused Plaintiffs to suffer loss of wages and interest thereon.

23. At relevant times herein, Plaintiffs' work was performed in the normal course of Defendants' business and did not involve executive or administrative responsibilities.

24. Plaintiff, TADEUSZ CITAK, was employed by Defendants from approximately June of 2020 through November of 2022 with the exception of a period of absence spanning approximately one ("1") year between June of 2021 and June of 2022.

25. Plaintiff, TADEUSZ CITAK's, hourly rate was thirty dollars ($30.00).

26. At relevant times herein, Plaintiff, TADEUSZ CITAK, worked six ("6") to seven ("7") days a week and approximately nine ("9") to thirteen ("13") hours each day.

27. Plaintiff, TADEUSZ CITAK's, pay was almost always delayed.

28. At relevant times herein, Plaintiff, TADEUSZ CITAK, did not receive pay for all hours worked for Defendants.

29. At relevant times herein, Plaintiff, TADEUSZ CITAK, did not receive overtime pay for all hours worked in excess of forty ("40") hours per week.

30. Plaintiff, TADEUSZ CITAK, never received a hiring notice or wage statements from Defendants.

31. Plaintiff, MACIEJ CITAK, was employed by Defendants from June of 2022 through approximately November of 2022.

32. Plaintiff, MACIEJ CITAK's, hourly rate was thirty dollars ($30.00).

33. At relevant times herein, Plaintiff, MACIEJ CITAK, worked six ("6") to seven ("7") days a week and approximately nine ("9") to thirteen ("13") hours each day.

34. Plaintiff, MACIEJ CITAK's, pay was almost always delayed.

35. At relevant times herein, Plaintiff, MACIEJ CITAK, did not receive pay for all hours worked for Defendants.

36. At relevant times herein, Plaintiff, MACIEJ CITAK, did not receive overtime pay for all hours worked in excess of forty ("40") hours per week.

37. Plaintiff, MACIEJ CITAK, never received a hiring notice or wage statements from Defendants.

38. Plaintiff, LESZAK STARZYNSKI, was employed by Defendants from approximately August of 2022 through approximately November of 2022.

39. Plaintiff, LESZAK STARZYNSKI's, hourly rate was thirty dollars ($30.00).

40. At relevant times herein, Plaintiff, LESZAK STARZYNSKI, worked six ("6") to seven ("7") days a week and approximately nine ("9") to thirteen ("13") hours a day.

41. Plaintiff, LESZAK STARZYNSKI's, pay was almost always delayed.

42. At relevant times herein, Plaintiff, LESZAK STARZYNSKI, did not receive pay for all hours worked for Defendants.

43.     At relevant times herein, Plaintiff, LESZAK STARZYNSKI, did not receive overtime pay for all hours worked in excess of forty ("40") hours per week.

44.     Plaintiff, LESZAK STARZYNSKI, never received a hiring notice or wage statements from Defendants.

45.     Plaintiff, MILAN HUJAS, was employed by Defendants from approximately July of 2022 through approximately November of 2022.

46.     Plaintiff, MILAN HUJAS's, hourly rate was thirty dollars ($30.00).

47.     At relevant times herein, Plaintiff, MILAN HUJAS, worked six ("6") to seven ("7") days a week and approximately nine ("9") to thirteen ("13") hours a day.

48.     Plaintiff, MILAN HUJAS's, pay was almost always delayed.

49.     At relevant times herein, Plaintiff, MILAN HUJAS, did not receive pay for all hours worked for Defendants.

50.     At relevant times herein, Plaintiff, MILAN HUJAS, did not receive overtime pay for all hours worked in excess of forty ("40") hours per week.

51.     Plaintiff, MILAN HUJAS, never received a hiring notice or wage statements from Defendants.

52.     Plaintiff, BERNARD DUBLANSKI, was employed by Defendants from approximately September of 2022 through approximately November of 2022.

53.     Plaintiff, BERNARD DUBLANSKI's, hourly rate was thirty dollars ($30.00).

54.     At relevant times herein, Plaintiff, BERNARD DUBLANSKI, worked six ("6") to seven ("7") days a week and approximately nine ("9") to thirteen ("13") hours a day.

55.     Plaintiff, BERNARD DUBLANSKI's, pay was almost always delayed.

56. At relevant times herein, Plaintiff, BERNARD DUBLANSKI, did not receive pay for all hours worked for Defendants.

57. At relevant times herein, Plaintiff, BERNARD DUBLANSKI, did not receive overtime pay for all hours worked in excess of forty ("40") hours per week.

58. Plaintiff, BERNARD DUBLANSKI, never received a hiring notice or wage statements from Defendants.

59. Plaintiff, TOMASZ KUPREL, was employed by Defendants from approximately June of 2022 through approximately November of 2022.

60. Plaintiff, TOMASZ KUPREL's, hourly rate was thirty dollars ($30.00).

61. At relevant times herein, Plaintiff, TOMASZ KUPREL, worked six ("6") to seven ("7") days a week and approximately nine ("9") to thirteen ("13") hours a day.

62. Plaintiff, TOMASZ KUPREL's, pay was almost always delayed.

63. At relevant times herein, Plaintiff, TOMASZ KUPREL, did not receive pay for all hours worked for Defendants.

64. At relevant times herein, Plaintiff, TOMASZ KUPREL, did not receive overtime pay for all hours worked in excess of forty ("40") hours per week.

65. Plaintiff, TOMASZ KUPREL, never received a hiring notice or wage statements from Defendants.

66. Defendants' failure to pay Plaintiffs wages and overtime, as well as to provide them with hiring notices and wage statements, was willful and lacked a good faith basis.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Unpaid Overtime)

67. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

68. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

69. At all relevant times, Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty ("40") hours per week at a rate of one-and-a-half times their regular rate in violation of 29 U.S.C. § 201 *et. seq.*

70. Defendants' foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

71. As a result of the foregoing violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
(Unpaid Overtime under NYLL)

72. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

73. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

74. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

75.     Upon information and belief, Plaintiffs worked more than forty ("40") hours a week while working for Defendants.

76.     At all relevant times to this action, Defendants failed to pay Plaintiffs the applicable overtime hourly rate for all hours worked in excess of forty ("40") per work week, in violation of NYLL § 650 et seq. and 12 NYCRR § 142-2.2.

77.     Defendants' failure to pay wages and overtime compensation to Plaintiffs for work performed after the first forty ("40") hours worked in a week was willful.

78.     By the foregoing reasons, Defendants have violated NYLL § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**(Unpaid Wages under NYLL)**

79.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

80.     Pursuant to Article Six of the NYLL, workers, such as the Plaintiffs, are protected from wage underpayments and improper employment practices.

81.     Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages, "not later than seven calendar days after the end of the week in which the wages are earned."

82.     Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs that is not otherwise authorized by law or by the employee.

83.     Defendants have failed to pay Plaintiffs all wages due for the hours they each worked for Defendants.

84. Pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions by withholding wages owed to Plaintiffs.

85. Defendants' failure to comply with the NYLL caused Plaintiffs to suffer loss of wages and interest thereon.

86. Defendants' failure to comply with the NYLL was willful.

87. Due to Defendants violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
(Failure to Provide Wage Statements under NYLL)

88. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

89. New York Labor Law § 195(3) requires employers to, "furnish each employee with a statement with every payment of wages."

90. At all times relevant to this action, Defendants failed to furnish Plaintiffs with any wage statements as required by NYLL § 195(3).

91. Defendants' failure to furnish Plaintiffs with wage statements was willful.

92. By the foregoing reasons, Defendants have violated NYLL § 195(3) and are liable to Plaintiffs in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
(Failure to Provide Hiring Notices under NYLL)

93. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

94. New York Labor Law § 195(1)(a) requires employers to furnish, "in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

95. At all times relevant to this action, Defendants failed to furnish Plaintiffs with a hiring notice as required by NYLL § 195(1)(a).

96. Defendants' failure to furnish Plaintiffs with a hiring notice was willful.

97. By the foregoing reasons, Defendants have violated NYLL § 195(1)(a) and are liable to Plaintiffs in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### (Breach of Contract)

98. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

99. Upon information and beliefs, Defendants entered into contract(s) with government agencies that required Defendants to pay Plaintiffs wages as agreed to within said contract(s).

100. Upon information and belief, the schedule of rates of wages and benefits to be paid to all workers furnishing labor pursuant to the contracts was included in and formed a part of the contract(s).

101. Plaintiffs furnished labor to Defendants in furtherance of Defendants' performance of the contract(s).

102. Defendants willfully paid Plaintiffs less than the prevailing rates of wages and benefits to which Plaintiffs were entitled and breached their obligation to pay Plaintiffs all wages they were due as required by the contract(s).

103. Upon information and belief, at all times relevant to this complaint, Defendants were required to certify, and did certify, that they paid Plaintiffs wages as required within the contract(s).

104. Plaintiffs, as third-party beneficiaries of Defendants' contract(s) with government agencies, are entitled to relief for the breach of Defendants' contractual obligation, plus interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request the following:

105. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

106. A compensatory award of unpaid compensation, at the statutory overtime rate, due to Plaintiffs under the FLSA and the NYLL;

107. A compensatory award of unpaid wages under the FLSA and the NYLL;

108. An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to 29 U.S.C. § 216;

109. An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to the NYLL;

110. An award of statutory penalties for Defendants' failure to provide Plaintiffs with wage statements and hiring notices pursuant to the NYLL;

111. An award of back pay;

112. An award of punitive damages;

113. An award of pre- and post-judgment interest;

114. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and such other and further relief this Court deems just and proper.

Dated: November 29, 2023
       Brooklyn, New York

                                      JODRE BRENECKI, LLP

                                      Nicole Brenecki, Esq.
                                      101 North 10th Street – Suite 303
                                      Brooklyn, New York 11249
                                      T.: (347) 563-2605
                                      Email: nicole@jodrebrenecki.com

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants herein and its owners and affiliates to pay me, *inter alia*, my wages and overtime compensation as required under state and federal law. I have been provided a copy of the Retainer Agreement with the law firm of Jodre Brenecki, LLP, and I agree to be bound by its terms.

Składając poniższy podpis, niniejszym upoważniam do wnoszenia i sądzenia roszczeń w moim imieniu w celu zakwestionowania niewypłacania przez Pozwanych w niniejszej sprawie oraz jej właścicieli i podmiotów stowarzyszonych, między innymi, mojego wynagrodzenia i wynagrodzenia za nadgodziny, zgodnie z wymogami prawa stanowego i prawo federalnego. Otrzymałem kopię umowy o świadczenie usług z kancelarią adwokacką Jodre Brenecki, LLP i wyrażam zgodę na związanie się jej warunkami.

_____
TADEUSZ CITAK

Sworn to before me on this **29** day of **November**, 2023

_____
NOTARY PUBLIC

[Notary Seal: JORDAN ADAM JODRE, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in New York County, 02JO6421318, MY COMMISSION EXPIRES 08/30/2025]

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants herein and its owners and affiliates to pay me, *inter alia*, my wages and overtime compensation as required under state and federal law. I have been provided a copy of the Retainer Agreement with the law firm of Jodre Brenecki, LLP, and I agree to be bound by its terms.

Składając poniższy podpis, niniejszym upoważniam do wnoszenia i sądzenia roszczeń w moim imieniu w celu zakwestionowania niewypłacania przez Pozwanych w niniejszej sprawie oraz jej właścicieli i podmiotów stowarzyszonych, między innymi, mojego wynagrodzenia i wynagrodzenia za nadgodziny, zgodnie z wymogami prawa stanowego i prawo federalnego. Otrzymałem kopię umowy o świadczenie usług z kancelarią adwokacką Jodre Brenecki, LLP i wyrażam zgodę na związanie się jej warunkami.

_____
MACIEJ CIPAK

Sworn to before me on this 29 day of 11, 2023

_____
NOTARY PUBLIC

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants herein and its owners and affiliates to pay me, *inter alia*, my wages and overtime compensation as required under state and federal law. I have been provided a copy of the Retainer Agreement with the law firm of Jodre Brenecki, LLP, and I agree to be bound by its terms.

Składając poniższy podpis, niniejszym upoważniam do wnoszenia i sądzenia roszczeń w moim imieniu w celu zakwestionowania niewypłacania przez Pozwanych w niniejszej sprawie oraz jej właścicieli i podmiotów stowarzyszonych, między innymi, mojego wynagrodzenia i wynagrodzenia za nadgodziny, zgodnie z wymogami prawa stanowego i prawo federalnego. Otrzymałem kopię umowy o świadczenie usług z kancelarią adwokacką Jodre Brenecki, LLP i wyrażam zgodę na związanie się jej warunkami.

_____
LESZEK STARZYNSKI

Sworn to before me on this 29th day of November, 2023

_____
NOTARY PUBLIC

[Notary seal: JORDAN ADAM JODRE, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in New York County, 02JO6421318, MY COMMISSION EXPIRES 08/30/2025]

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants herein and its owners and affiliates to pay me, *inter alia*, my wages and overtime compensation as required under state and federal law. I have been provided a copy of the Retainer Agreement with the law firm of Jodre Brenecki, LLP, and I agree to be bound by its terms.

Składając poniższy podpis, niniejszym upoważniam do wnoszenia i sądzenia roszczeń w moim imieniu w celu zakwestionowania niewypłacania przez Pozwanych w niniejszej sprawie oraz jej właścicieli i podmiotów stowarzyszonych, między innymi, mojego wynagrodzenia i wynagrodzenia za nadgodziny, zgodnie z wymogami prawa stanowego i prawo federalnego. Otrzymałem kopię umowy o świadczenie usług z kancelarią adwokacką Jodre Brenecki, LLP i wyrażam zgodę na związanie się jej warunkami.

_____
MILAN HUJAS

Sworn to before me on this 29 day of 11, 2023
                                              November

_____
NOTARY PUBLIC

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants herein and its owners and affiliates to pay me, *inter alia*, my wages and overtime compensation as required under state and federal law. I have been provided a copy of the Retainer Agreement with the law firm of Jodre Brenecki, LLP, and I agree to be bound by its terms.

Składając poniższy podpis, niniejszym upoważniam do wnoszenia i sądzenia roszczeń w moim imieniu w celu zakwestionowania niewypłacania przez Pozwanych w niniejszej sprawie oraz jej właścicieli i podmiotów stowarzyszonych, między innymi, mojego wynagrodzenia i wynagrodzenia za nadgodziny, zgodnie z wymogami prawa stanowego i prawo federalnego. Otrzymałem kopię umowy o świadczenie usług z kancelarią adwokacką Jodre Brenecki, LLP i wyrażam zgodę na związanie się jej warunkami.

_____
BERNARD DUBLANSKI

Sworn to before me on this ___ day of ___, 2023

_____
NOTARY PUBLIC

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants herein and its owners and affiliates to pay me, *inter alia*, my wages and overtime compensation as required under state and federal law. I have been provided a copy of the Retainer Agreement with the law firm of Jodre Brenecki, LLP, and I agree to be bound by its terms.

Składając poniższy podpis, niniejszym upoważniam do wnoszenia i sądzenia roszczeń w moim imieniu w celu zakwestionowania niewypłacania przez Pozwanych w niniejszej sprawie oraz jej właścicieli i podmiotów stowarzyszonych, między innymi, mojego wynagrodzenia i wynagrodzenia za nadgodziny, zgodnie z wymogami prawa stanowego i prawo federalnego. Otrzymałem kopię umowy o świadczenie usług z kancelarią adwokacką Jodre Brenecki, LLP i wyrażam zgodę na związanie się jej warunkami.

_____
TOMASZ KUPREL

Sworn to before me on this 29th day of november, 2023

_____
NOTARY PUBLIC